# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
CHAD SHELLER, as personal
representative of the Estate of
DANIEL ELIAS SHELLER,

              Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.
* * * * * * * * * * * * * * * * * * *

No. 18-696V

Special Master Christian J. Moran

Filed: January 13, 2020

Entitlement, dismissal.

Anne C. Toale, Maglio Christopher & Toale, Sarasota, FL, for petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

      Chad Sheller alleged that the Hepatitis B, tetanus-diphtheria-acellular pertussis ("Tdap"), inactivated polio ("IPV"), and haemophilus influenza type B ("Hib") vaccines his son received on April 15, 2016, June 14, 2016, and June 21, 2016, caused his son's death. Pet., filed May 17, 2018, at 1. On January 10, 2020, Mr. Sheller moved for a decision dismissing his petition.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

## I. Procedural History

Mr. Sheller filed a petition on May 17, 2018. After Mr. Sheller filed all of his son's medical records, the Secretary filed his Rule 4(c) report on December 7, 2018, contesting entitlement.

A status conference was then held on December 18, 2018, in which the parties discussed the parties' desire that an independent lab analyze samples of Daniel Sheller's tissue to identify evidence pertinent to petitioner's claims. The Secretary noted his concern, however, regarding having testing done before the parties had a chance to review the autopsy slides, and requested the opportunity to review the slides in a status report filed on March 12, 2019. On July 26, 2019, Mr. Sheller filed a status report stating that his expert was in possession of the slides and would finish his review of the slides by August 15, 2019.

Mr. Sheller then moved for a decision dismissing his petition on January 10, 2020. In the motion, Mr. Sheller stated that he "understands that a decision by the Special Master dismissing the petition will result in a judgment against him." Pet'r's Mot., filed Jan. 10, 2020, ¶ 2. The Secretary indicated via informal communications to chambers that he does not intend to file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In her December 19, 2019 motion, Mr. Sheller stated that he no longer wishes to pursue his claim. Pet'r's Mot., filed Jan. 10, 2020, ¶ 1. Though it is unclear whether Mr. Sheller filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal) or 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), the undersigned will construe this as a motion filed

pursuant to § 300aa—21(b), given petitioner's clear intent that a judgment issue in the case.  See Pet'r's Mot., filed Jan. 10, 2020, ¶ 2.

In light of Mr. Sheller's concession and a review of the entire record, the undersigned finds that Mr. Sheller has not established that the vaccines alleged caused his son's death.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
